UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON



Eastern District of Kentucky
FILED

JUL 1 9 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-473-GWU

DOROTHY A. FLEMING,                                              PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled. If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)? If yes, proceed to Step 3. If no, the
    claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities? If yes, proceed to

1

Fleming

Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled.    If no, proceed to Step 7.    See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.    See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

Fleming

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Fleming

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Fleming

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Dorothy A. Fleming, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease at L5-S1 and a herniated disc. (Tr. 23). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Fleming retained the residual functional capacity to perform her past relevant work as a tutor/van driver and, therefore, was not entitled to benefits. (Tr. 24-6). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were limited to "medium" level exertion, that did not require more than six hours of standing or walking during an eight-hour day, with no more than 30 to 45 minutes without changing positions; it was also specified that the person was capable of "frequent" bending, squatting, crawling, climbing, and reaching above shoulder level.

7

(Tr. 378). The VE responded that such a person could perform the plaintiff's past work as a tutor/van driver. (Tr. 378-9).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

Mrs. Fleming alleged disability due to a lower lumbar spine injury, which prevented her from standing, sitting, twisting, bending, or lifting. (Tr. 66). She testified that, although Neurosurgeon Philip Tibbs had found a ruptured disc, it was not bad enough for surgery, and she was unable to afford the pain clinic that he had recommended. (Tr. 355-6).

Medical records in the transcript include records from Dr. Tibbs, who evaluated Mrs. Fleming in July, 2001 and reviewed an MRI of the lumbosacral spine, which he interpreted as showing degenerative disc disease at L5-S1 and a "possible" slight central protrusion. (Tr. 114).[1] Dr. Tibbs' examination showed that the plaintiff was capable of bending forward 90 degrees at the waist, had a negative straight leg raising test, and intact sensation. (Id.). He concluded that the plaintiff had degenerative disc disease with no evidence of nerve root compression, and no

---

[1]The radiologist originally interpreting the x-ray did find a posterior central disc herniation as well as bilateral facet arthropathy. (Tr. 112). This was consistent with a lumbosacral spine x-ray taken shortly after the plaintiff's original injury showing degenerative changes with no evidence of acute osseous abnormality. (Tr. 220).

surgery was indicated, although the plaintiff might benefit from a pain management consultation. (Id.). No functional limitations were suggested.

The plaintiff's primary treating family physician, Dr. Robert Hoskins, who had ordered the MRI (Tr. 112), submitted office notes showing findings of tenderness of the left sacroiliac joint and the muscles of the lower and upper lumbar areas. (e.g., Tr. 285-6, 288, 303). He prescribed medication and suggested the possibility of injections at least at one point. (Tr. 288). Dr. Hoskins completed a physical residual functional capacity assessment on March 23, 2004, indicating that the plaintiff's diagnosis of a herniated disc of the lumbosacral spine would cause her to be limited to less than sedentary level lifting, to no more than four hours sitting and four hours of standing and walking in an eight-hour day, no more than 20 minutes without interruption, in addition to other limitations such as repetitive reaching, handling, and fingering. (Tr. 308-12). The ALJ rejected Dr. Hoskins' opinion as being disproportionate to his objective findings. (Tr. 22).

The only other examining source to list limitations was Dr. Bobby J. Kidd, who conducted a consultative examination of the plaintiff on November 18, 2003. (Tr. 289). His physical examination did not show any abnormalities except for obesity. (Tr. 290-2). A lumbosacral spine x-ray was taken in connection with his examination, showing a slight narrowing of L5-S1 (Tr. 294), but Dr. Kidd's report was not initialed to indicate that he had reviewed the report (Tr. 293), and there was no mention of

9

Fleming

any review of other objective evidence in the physician's narrative report. Thus, Dr.
Kidd's report was essentially based on a one-time examination with the benefit of no
objective studies. In contrast, Dr. Hoskins was a long term treating source who had
ordered objective studies as well as a specialist referral. His opinion was therefore
entitled to great weight, and was not overcome by that of any comparably-placed
physician. At a minimum, the ALJ should have obtained an opinion from a reviewing
medical expert with access to all the evidence. [2]

The decision will be remanded for further consideration.

This the ___/9___ day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[2]Although state agency physicians who reviewed the record in 2002 did have
access to the MRI, (Tr. 125-32, 238-45) they limited the plaintiff to light level exertion
with additional restrictions on never climbing ladders, ropes, and scaffolds, and
occasionally stooping, kneeling, crouching, and crawling, clearly greater than the ALJ's
residual functional capacity finding. In any case, they did not have access to the entire
record or have the ability to comment on the restrictions found by the treating physician.
For the opinion of a nonexamining physician to be accepted over that of the examiner,
the nonexaminer must have had access to the entire record and clearly commented on
the reasons that his opinion differed from the examiner. Barker v. Shalala, 40 F.3d 789,
794 (6th Cir. 1994).